UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

SHIRLEY MOBLEY,

    Plaintiff,                          LOWER CASE NO.: 04-2020-CA-000197

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**DEFENDANT, WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, WALMART STORES EAST, L.P. (hereinafter, "WALMART"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Eighth Judicial Circuit, in and for Bradford County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, with full reservation of rights, exceptions and defenses.  As grounds for this Notice of Removal, WALMART states the following:

### I.    FACTUAL BACKGROUND

1. This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

2. On or about May 29, 2020, Plaintiff, SHIRLEY MOBLEY (hereinafter, "Plaintiff"), commenced a civil action against WALMART in the Eighth Judicial Circuit in and

for Bradford County, Florida, styled *Shirley Mobley v. Wal-Mart Stores East, LP*, and bearing Case No. 04-2020-CA-000197. [A true and correct copy of Plaintiff's Complaint and Summons is attached hereto as composite Exhibit "A"].

3. Plaintiff's Complaint asserts a single count of negligence against WALMART. [*See* Ex. A, ¶¶ 5-11]. Specifically, Plaintiff alleges that, on March 10, 2019, she sustained injuries when a railing "fell apart" in the parking lot at Walmart Store No. 1283, located at 14500 US-301, Starke, Bradford County, Florida 32091. [*See* Ex. A, ¶¶ 5 and 8]. Plaintiff alleges that she sustained serious, continuing and permanent injuries as result of the accident. [Ex. A, ¶ 11].

4. On June 10, 2020, WALMART served jurisdictional discovery on Plaintiff. [A copy of WALMART's First Request for Admissions is attached hereto as Exhibit "B"].

5. On July 8, 2020, Plaintiff responded to WALMART's jurisdictional request for admissions. In response to Request No. 17, Plaintiff "admitted" that she is seeking damages against WALMART in excess of $75,000.00. [A copy of Plaintiff's Response to WALMART'S Request for Admissions is attached hereto as Exhibit "C"].

6. The amount in controversy in this action exceeds the Court's $75,000.00 jurisdictional requirement, as Plaintiff seeks to recover damages in excess of $75,000.00. [*See* Ex. C, at Request No. 17].

7. Furthermore, there is complete diversity of citizenship between the parties as required under 28 U.S.C. § 1332(a)(2).

8. Plaintiff is a resident of Starke, Florida, and is a citizen of the State of Florida for purposes of diversity jurisdiction. [*See* Plaintiff's Customer Incident Report and Medical Records attached hereto as composite Exhibit "D"; *See also* Ex. A, ¶ 2 and Ex. C, at Request No. 22].

9. As set forth below, WALMART is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas.

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

11. Venue in this Court is proper since this action is being removed from the state court where it was originally filed in the Eighth Judicial Circuit in and for Bradford County, Florida, which is located within the United States District Court for the Middle District of Florida, Jacksonville Division.

12. In accordance with 28 U.S.C. § 1446(b)(3), WALMART filed this Notice of Removal within thirty (30) days after being served with Plaintiff's Response to WALMART's jurisdictional Request for Admission on July 30, 2020. [*See* Ex. C]. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

13. A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite Exhibit "E" as required by 28 U.S.C. § 1446(a).

14. Following the filing of this Notice of Removal with this Court, WALMART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

15. WALMART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.  REMOVAL IS TIMELY

16. In accordance with 28 U.S.C. § 1446(b)(3), WALMART files this Notice of Removal within thirty (30) days after being served with Plaintiff's Response to Defendant's jurisdictional Request for Admissions. [*See* Ex. C]. Plaintiff's Response was the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

17. The Courts in this Circuit have consistently held that Responses to Request for Admissions constitute "other paper" under 28 U.S.C. § 1446(b)(3). *See Wilson v. Target Corp.,* No. 10-CV-80451, 2010 WL 3632794 at *2 (S.D. Fla. Sept. 14, 2010) ("Courts have held that responses to request for admissions, settlement offers and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)(3)."); *Lambertson v. Go Fit, LLC,* 918 F. Supp. 2d 1283 (S.D. Fla. 2013) (holding that the plaintiff's response to defendant's request for admissions confirming the plaintiff sought above $75,000.00 in damages triggered the 30 day time period for Defendant to remove the action); *Rowe v. Swift Transp. Co. of Arizona, LLC*, 2017 U.S. Dist. LEXIS 221679, at *3 (M.D. Fla. December 21, 2017); *Pugliese v. Tex. Roadhouse, Inc.*, 2017 U.S. Dist. LEXIS 202879, at *4 (M.D. Fla. December 11, 2017); *Murat v. Sam's East, Inc.*, 2017 U.S. Dist. LEXIS 13955, at *3 (S.D. Fla. January 23, 2017).

## III.  THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WALMART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

    a.  This is an action between citizens of different states; and

    b.  This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

### A.  <u>Citizenship of Plaintiff, Loretta Marshall</u>

19.  Plaintiff is a resident of the State of Florida for purposes of diversity jurisdiction. [*See* Ex. A, ¶ 2; Ex. C, at Request No. 22; and Ex. D]. "It is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (June 1, 20029 S.D. Fla.) (Cohn, J) (internal citations omitted).

20.  Here, Plaintiff's Complaint, Response to Request for Admission No. 22, and "customer incident report" and medical records indicate that she is a resident of the State of Florida. [*See* Ex. A, ¶ 2; Ex. C, at Request No. 22; and Ex. D]. Plaintiff's Florida residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz*, 2009 WL 1532129 at *3.

### B.  <u>Citizenship of WALMART</u>

21.  WALMART is not a citizen of the State of Florida for diversity purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

22.  Wal-Mart Stores East, LP is a foreign limited partnership, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC and WSE Investment,

LLC are the only partners of Wal-Mart Stores East, LP. WSE Management LLC is the general partner and WSE Investment, LLC is the limited partner.

23. WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the Complaint, and currently are Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and on the date of the filing of the Complaint, a Delaware corporation. The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc. The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

24. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Exhibit "F."]

25. A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business if located. 28 U.S.C. § 1332(c). *See Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business."). Accordingly, in the present action, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

### IV.    AMOUNT IN CONTROVERSY

26. Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the Court's minimum jurisdictional limit.

27. Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000 jurisdictional minimum. [*See* Ex. A, ¶¶ 1, 11]. While the Complaint does not specify an amount in controversy, Plaintiff responded to WALMART's Request for Admissions by admitting that she is seeking damages in excess of $75,000.00. [*See* Ex. C, at Request No. 17]. Therefore, WALMART respectfully submits that it has met its burden of establishing the amount in controversy requirement. *See Harrison v. Red Bull Distribution Co., Inc*., No. 2:19-CV-17-FtM-99-MRM, 2019 U.S. Dist. LEXIS 39028 (M.D. Fla. Mar. 12, 2019) (finding that the plaintiff's response to jurisdictional requests for admissions admitting that the plaintiff was seeking damages in excess of $75,000.00 was sufficient to show by a preponderance of the evidence that the amount in controversy more likely than not was met); *Wilson v. General Motors Corp.*, 888 F.2 d 779, 780 (11th Cir. 1989) (holding that plaintiff's response to defendant's request for admission was proper evidence for determining removal jurisdiction under 28 U.S.C. § 1446(b)(3)); *Pugliese v. Tex. Roadhouse, Inc.,* 2017 U.S. Dist. LEXIS 202879, at *4 (M.D. Fla. December 11, 2017) (same).

28. It is well established that District Courts may consider affidavits, declarations, discovery responses, and other documentation when determining federal diversity jurisdiction. *See Gillinov v. Hillstone Restaurant Grp., Inc*., 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015) ("`The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard;' instead, 'defendants may introduce

their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper.'") (*citing Pretka v. Kolter City Plaza, II, Inc*., 608 F. 3d 967 (11th Cir. 2002)).

29. "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (*citing Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)); *see also, Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[1] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

30. Further, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the amount in controversy requirement is met for purposes of diversity jurisdiction. *See Roe v. Michelin N. Am., Inc.,* 613 F. 3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F. 3d at 754) ("Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount."). The removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F. 3d at 754.

31. Additionally, Courts in this Circuit have held that the amount in controversy requirement is satisfied based on the ***plaintiff's admission*** that damages exceed $75,000. *See Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329 (M.D. Fla. 2010); *Lasarso v. Best Buy Stores, L.P.*, 2008 WL 3254210, at *2 (M.D. Fla. Aug. 7, 2008); *Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.S. Dist. LEXIS 192025 (S.D.

---

[1] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

32.     Here, Plaintiff's Response to WALMART's Request for Admissions and the allegations in the Complaint establish that Plaintiff's claimed damages, ***by her own admission***, exceed $75,000. [*See* Ex. C].  Therefore, WALMART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional requirement, thus rendering removal proper.

## V.     CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and WALMART are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, original jurisdiction of this matter is vested in this Court and WALMART respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, WALMART respectfully requests that this action currently pending in the Circuit Court for Bradford County, Florida be removed to the United States District Court for the Middle District of Florida, Jacksonville Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 28th day of August, 2020.

*/s/ George H. Featherstone*
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**GEORGE H. FEATHERSTONE**
Florida Bar No. 0624306
gfeatherstone@hamiltonmillerlaw.com
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 116053

9

          mrelihan@hamiltonmillerlaw.com
          HAMILTON, MILLER & BIRTHISEL, LLP
          100 South Ashley Drive, Suite 1210
          Tampa, Florida 33602
          Telephone: (813) 223-1900
          Facsimile: (813) 223-1933
          E-Service: ghf-serve@hamiltonmillerlaw.com
          *Counsel for Defendant, Wal-Mart Stores East, LP*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 28, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

          */s/ George H. Featherstone*
          Florida Bar No.: 0624306
          gfeatherstone@hamiltonmillerlaw.com
          HAMILTON, MILLER & BIRTHISEL, LLP

## **SERVICE LIST**

Xavier T. Saunders, Esq.
FBN: 0047798
Farah and Farah, P.A.
10 West Adams Street
Jacksonville, FL 32202
Tel. & Fax.: 904-586-3060
xsaunders@farahandfarah.com
jcoopermaynard@farahandfarah.com
*Counsel for Plaintiff*